BENJAMIN B. WAGNER
United States Attorney
ALYSON A. BERG
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant MEGAN BRENNAN, POSTMASTER
 GENERAL, UNITED STATES POSTAL SERVICE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE S. QUINONES, | ) |
| | ) 1:13-cv-01553-LJO-EPG |
| Plaintiff, | ) |
| | ) **STIPULATION TO CONTINUE TRIAL,** |
| v. | ) **PRE-TRIAL DATES;** |
| | ) **ORDER** |
| PATRICK R. DONAHOE, POSTMASTER | ) |
| GENERAL, UNITED STATES POSTAL SERVICE, | ) (ECF No. 42) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Felipe S. Quinones ("Plaintiff") and Defendant Megan J. Brennan, ("Defendant"), by and through the undersigned counsel for the respective parties, hereby stipulate to the dates in this action for the good cause set forth below.

Plaintiff challenges his removal from the position of a part time flexible clerk in the Lindsay Post Office alleging religious discrimination. Defendant disputes Plaintiff's claims because it would be an undue hardship on the operations of the Lindsay Post Office to allow Plaintiff to have every Saturday off as there is only one other part time clerk to perform those duties on Saturdays. The parties have exchanged 6,000 pages of documents and taken four depositions, with five more confirmed at this time.[1]

---

[1] The parties have taken four depositions: Glenda Bolosan, Froilan Bolosan, Linda Diniakos, and APWU president Michael Evans. The parties have confirmed the deposition of Plaintiff Felipe

In an effort to conserve attorneys fees and costs, the parties request to extend all deadlines for approximately six-weeks to allow the Defendant to provide a written settlement offer with two weeks to consider the demand prior to returning to completing the remaining ten lay depositions, and at least two expert depositions.  The parties have engaged in approximately three months of on-going settlement negotiations, including a productive settlement conference with the Honorable Judge Thurston on August 26, 2015.[2]  Although resolution was not reached in August, the negotiations led to a better understanding of the parties' settlement parameters (i.e., reinstatement for Plaintiff) and a renewed effort by counsel to reach a mutually agreeable compromise.  Meanwhile, because no settlement was reached, Plaintiff retained Tim Sottile as co-counsel in this matter, to serve as lead trial counsel, and the parties allowed a brief amount of time for co-counsel to review the file materials. [3]

Before more fees and costs are incurred that could hinder a resolution of the lawsuit, Plaintiff submitted a partial settlement demand to which the Defendant will respond with a written offer and allow Plaintiff approximately two weeks to consider the offer of a complete resolution of the lawsuit. Because the parties are committed to focusing their efforts on resolution before incurring additional fees and costs, there is an agreement to return to Judge Thurston, if necessary, on November 10, 2015, should negotiations amongst counsel be unsuccessful.  While the parties are optimistic that resolution can be completed by November 10, 2015, they have agreed to resume conducting the remaining lay and expert depositions starting with the Plaintiff's deposition on November 18, 2015. Nevertheless, a brief extension of the current deadlines to allow the parties to focus on a resolution before incurring additional fees and costs is warranted.

---

Quinones for November 18, 2015, and Mario Rodriguez and Eva Valdez for November 19, 2015. The depositions of Linda LaForce and David Vance are set for November 24, 2015, and the deposition of Kerry Wolny for December 1, 2015.  The parties are in the process of finalizing the deposition dates and locations for Paul Pieroni, David Peer, Scott Warkentin, Anil Olivera, and Richard Pender.

[2] This date was continued from June 25, 2015 as the parties were still working to narrow their respective positions before using the services of Judge Thurston.

[3] Mr. Sottile has a trial calendared to begin the week before the present trial, and should it extend into the following week as expected, he will have a scheduling conflict.

In addition to the parties commitment to seeking a resolution of the action by November 10, 2015, the unexpected health concerns of Plaintiff's counsel's wife necessitates that the Plaintiff's deposition originally scheduled for October 27, 2015 be continued to November 18, 2015.

Another unexpected circumstance providing good cause for a brief extension of the current deadlines is the recent recognition that Plaintiff's retained expert economist has several records, such as Social Security records and employment records, that are not in the possession of Defendant's retained expert economist. Rather than involve the court, the parties have agreed to extend the deadline for Defendant's expert report so that all the records may be considered and discussed in Defendant's report. Accordingly, good cause exists to extend the discovery deadline so that the reports are as comprehensive as possible, which in turn, reduces the time for the expert depositions, and may obviate the need for the depositions.[4]

Accordingly, the parties stipulate and agree to continue the following dates, and base it on the above-stated good cause:

|  | Old Date | New Date |
| --- | --- | --- |
| Close of Non Expert Discovery | December 1, 2015 | February 1, 2016 |
| Plaintiff's Expert Disclosure | October 8, 2015 | completed |
| Defendant's Expert Disclosure | October 28, 2015 | December 11, 2015 |
| Rebuttal Expert Disclosure | November 2, 2015 | January 15, 2016 |
| Expert Discovery Cut-Off | December 1, 2015 | January 30, 2016 |
| Non- Dispositive Motions | December 14, 2015 | February 15, 2016 |
| Dispositive Motions | February 22, 2016 | March 28, 2016 |

///

///

///

///

---

[4] Although this court has already extended the discovery cut off from July 31, 2015 to December 1, 2015, the parties request the additional six-weeks to ensure the parties devote their time and energies to resolution on or before November 10, 2015.

| | | |
|---|---|---|
| Pre Trial Conference | April 19, 2016 | May 16, 2016 |
| Trial Date: | July 19, 2016 (3-4 days) | September 19, 2016 |

Respectfully submitted,

BENJAMIN B. WAGNER
UNITED STATES ATTORNEY

Dated:  October 26, 2015

/s/Alyson A. Berg
ALYSON A. BERG
Attorney for Defendant Megan A. Brennan
Postmaster General, United States Postal Service

CHURCH STATE COUNCIL

Dated:  October 26, 2015

(As authorized 10/26/15)
/s/Alan J. Reinach
Alan J. Reinach
Jonathon Cherne
Attorneys for Plaintiff Felipe S. Quinones

SOTTILE & BALTAXE

Dated:  October 26, 2015

(As authorized 10/26/15)
/s/Timothy Sottile
Timothy Sottile
Attorneys for Plaintiff Felipe S. Quinones

**ORDER**

The Court, having considered the above Stipulation and finding good cause to amend its previous scheduling order, orders the following deadlines to be continued as follows:

|  | **PREVIOUS DATE** | **NEW DATE** |
|---|---|---|
| **Non-expert discovery cutoff** | December 1, 2015 | February 1, 2016 |
| **Defendant's Expert Disclosure** | October 28, 2015 | December 11, 2015 |
| **Rebuttal Expert Disclosure** | November 2, 2015 | January 15, 2016 |
| **Expert discovery cutoff** | December 1, 2015 | January 29, 2016 |
| **Non-dispositive motion filing deadline** | December 14, 2015 | February 16, 2016 |
| **Dispositive motion deadline** | February 22, 2016 | March 28, 2016 |
| **Pretrial Conference** | January 12, 2016 | May 24, 2016<br>Time: 8:15 a.m.<br>Dept.: 4 |

All other deadlines, including the trial date of July 19, 2016, remain as previously set by the Scheduling Conference Order (ECF No. 25) as amended by prior stipulations (ECF Nos. 27, 39). The parties are advised that the Court will disfavor any further extensions or amendments to the discovery schedule.

IT IS SO ORDERED.

Dated:   **October 28, 2015**                               /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE