BENJAMIN B. WAGNER
United States Attorney
ALYSON A. BERG
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California  93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Defendant MEGAN BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE S. QUINONES,<br><br>             Plaintiff,<br><br>v.<br><br>PATRICK R. DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>             Defendant. | CASE NO.  1:13-cv-01553-DAD-EPG<br><br>**STIPULATION AND ORDER TO CONTINUE PRE-TRIAL AND TRIAL DATES** |

   Plaintiff Felipe S. Quinones ("Plaintiff") and Defendant Megan J. Brennan, ("Defendant"), by and through the undersigned counsel for the respective parties, hereby stipulate to continue the dates in this action for the good cause set forth below.

   This action arises from Plaintiff's challenge to his removal from the position of a part time flexible clerk in the Lindsay Post Office alleging religious discrimination.  Defendant disputes Plaintiff's claims because it would be an undue hardship on the operations of the Lindsay Post Office to allow Plaintiff to have every Saturday off as there is only one other part time clerk to perform those duties on Saturdays.

   After engaging in extensive discovery including exchanging over 13,000 pages of documents and taking nine depositions, with three more confirmed for January 28, 2016, the parties agree that with a short continuance the matter will be in a position for motions for summary judgment.  At this

time there are only four remaining depositions to be taken of the Postal Service management personnel which need to be set after the parties resolve their disputes regarding the scope of discovery in connection with Plaintiff's disparate treatment claim, including but not limited to the question of applicable "comparators."  The parties are also continuing their meet and confer efforts regarding the scope of discovery as it pertains to the question of what constitutes an "adverse action" in the context of the claims alleged in the First Amended Complaint as limited by Judge O'Neill's Order on the Defendant's Motion to Dismiss.

These meet and confer efforts continue while Defendant is finalizing its review of almost 2000 pages of potentially responsive documents to the Plaintiff's discovery requests for relevancy, and the proper redactions of attorney-client communications.  It is anticipated the production will occur on or before February 1, 2016.  Meanwhile to conserve the Court's and parties' time and resources, additional time is necessary to allow the parties to reach a compromise and potentially avoid any future motions on the scope of the documents to be produced to Plaintiff, which affect the remaining four depositions.  While the parties are optimistic that they can resolve most of their differences informally, a brief extension of the current deadlines to allow the parties to thoroughly exhaust their meet and confer efforts before seeking court intervention is warranted.

After court intervention, if necessary on limited matters, the parties intend to promptly file motions for summary judgment.  The parties agree that it is in the best interest of all involved (including the Court) that the dispositive motions not be filed until a ruling is made on the disputed discovery issues.  Otherwise, the parties fear that the motions will be filed and then objections raised that will delay any rulings and ultimately require that the trial date be continued.  To avoid the motions being filed without an adjudication of the disputed legal issues, including but not limited to, the scope of comparators and the application of the "adverse action" requirement to the claims alleged by Plaintiff, would result in multiple depositions of the same witnesses which can be avoided by seeking court intervention before conducting the final four depositions.

In an effort to continue the good faith efforts by the parties to resolve their discovery disputes informally and conserve judicial resources until absolutely necessary, and allow for complete dispositive motions, the parties stipulate and agree to continue the following dates, and base it on the

above-stated good cause:

|  | Old Date | New Date |
|---|---|---|
| Close of Non Expert Discovery | February 1, 2016 | April 11, 2016 |
| Non- Dispositive Motions | February 15, 2016 | April 25, 2016 |
| Dispositive Motions | March 28, 2016 | June 6, 2016 |
| Pre Trial Conference | May 24, 2016 | September 6, 2016 |
| Trial Date: | July 19, 2016 (3-4 days)[1] | October 25, 2016 |

Respectfully submitted,

BENJAMIN B. WAGNER
UNITED STATES ATTORNEY

Dated:  January 26, 2016            /s/Alyson A. Berg
                                    ALYSON A. BERG
                                    Attorney for Defendant Megan A. Brennan
                                    Postmaster General, United States Postal Service

                                    CHURCH STATE COUNCIL

                                    (As authorized 01/26/16)
Dated:  January 26 , 2016           /s/Alan J. Reinach
                                    Alan J. Reinach
                                    Jonathon Cherne
                                    Attorneys for Plaintiff Felipe S. Quinones


                                    SOTTILE & BALTAXE


                                    (As authorized 01/26/16)
Dated:  January 26, 2016            /s/Timothy Sottile
                                    Timothy Sottile
                                    Attorneys for Plaintiff Felipe S. Quinones

///

///

///

---

[1] The parties also discussed that the trial cannot likely be concluded in three to four days as originally anticipated.  Based on the number of witnesses and documents, it is agreed that an eight day trial estimate after jury selection is more realistic.

**ORDER**

Having reviewed the stipulation submitted by the parties, the dates are continued as referenced above.

IT IS SO ORDERED.

Dated: __January 26, 2016__          /s/ Dale A. Drozd

                                            DALE A. DROZD
                                      UNITED STATES DISTRICT JUDGE